ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

| | |
|---|---|
| ERIC A. SEITZ | 1412 |
| GINA SZETO-WONG | 10515 |
| JONATHAN M.F. LOO | 10874 |
| KEVIN A. YOLKEN | 10987 |

820 Mililani Street, Suite 502
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-Mail(s):   eseitzatty@yahoo.com
             szetogina@gmail.com
             jloo33138@yahoo.com
             kevinyolken@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HANNAH DAVID,  Individually and on behalf of her minor daughter B.D., <br><br> Plaintiff, <br><br> vs. <br><br> PANKAJ BHANOT, DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAII; AMY LESKOVIC; WILLIAM KEAHIOLALO; SHAYLENE ISERI; KRIS KOSA-CORREIA; TODD RAYBUCK; JANE and/or JOHN DOES 1-25, | CIVIL NO. 20-00002 <br> (Other Civil Action) <br><br><br><br> VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES; VERIFICATION OF HANNAH DAVID |

and DOE ENTITIES 1-10, )
)
          Defendants. )
)

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Plaintiff HANNAH DAVID, Individually and on behalf of her minor daughter, B.D., [hereinafter "Plaintiff"], by and through her undersigned attorneys, alleges as follows:

### Introduction

(1) This is an action for declaratory and injunctive relief and damages arising from Defendants' deliberate, knowing, and malicious conspiracy to kidnap Plaintiff's eleven year old daughter B.D. from her school on the Island of Hawaii, deliver B.D. to her natural father on the Island of Kauai in violation of a valid Family Court Order providing full physical and legal custody to Plaintiff with no visitation rights to the father, and refusal to allow Plaintiff to see or communicate with B.D. for two weeks and counting without any judicial authority, sanction, review, or justification and in clear and deliberate violation of the civil and custodial rights and well-being of Plaintiff and B.D.

### Parties

(2) Plaintiff is and has been a citizen and resident of the County of

Hawaii, State of Hawaii, at all times pertinent hereto.

(3) Plaintiff is the mother and sole custodial parent and legal guardian of her minor daughter, B.D., born December 3, 2008.

(4) Defendant PANKAJ BHANOT [hereinafter "Defendant Bhanot"] is and has been a citizen and resident of the City and County of Honolulu, State of Hawaii, at all times pertinent hereto, and is employed as the Director of the Department of Human Services, State of Hawaii, which includes Child Protective and/or Welfare Services. Defendant Bhanot is sued herein only in his official capacity.

(5) Plaintiff is informed and believes, and thereupon alleges, that Defendant AMY LESKOVIC [hereinafter "Defendant Leskovic"] is and has been a citizen and resident of the County of Hawaii, State of Hawaii, at all times pertinent hereto, and is employed by the State of Hawaii, Department of Human Services, assigned to work as an investigator in Kailua-Kona with West Hawaii Child Welfare Services. Defendant Leskovic is sued herein both in her individual and in her official capacities.

(6) Defendant WILLIAM KEAHIOLALO [hereinafter "Defendant Keahiolalo"] is and has been a citizen and resident of the County of Kauai, State of Hawaii, at all times pertinent hereto, and is the natural father of B.D. Defendant Keahiolalo is sued herein in his individual capacity.

(7) Defendant SHAYLENE ISERI [hereinafter "Defendant Iseri"] is and has been a citizen and resident of the County of Kauai, State of Hawaii, at all times pertinent hereto, and is the former Prosecuting Attorney for the County of Hawaii and currently an attorney in private practice. Defendant Iseri is sued herein in her individual capacity.

(8) Plaintiff is informed and believes, and thereupon alleges, that Defendant KRIS KOSA-CORREIA [hereinafter "Defendant Kosa-Correia"] is and has been a citizen and resident of the County of Hawaii, State of Hawaii, at all times pertinent hereto, and is employed by the State of Hawaii, Department of Education, as the Principal at Waikaloa Elementary and Middle School. Defendant Kosa-Correia is sued herein both in her individual and in her official capacities.

(9) Plaintiff is informed and believes, and thereupon alleges, that Defendant TODD RAYBUCK [hereinafter "Defendant Raybuck" is and has been a citizen and resident of the County of Kauai, State of Hawaii, at all times pertinent hereto, and is employed as the Chief of the Kauai County Police Department. Defendant Raybuck is sued herein only in his official capacity.

(10) Defendants JOHN and/or JANE DOES 1-25 and DOE ENTITIES 1-10 [hereinafter "Doe Defendants"] are associates, officers, employees, agents, and/or representatives of the named Defendants whose true names and capacities are as yet unknown to Plaintiff and her attorneys despite due

diligence and inquiry and who acted herein with or on behalf of the named Defendants as set forth below. The true names and capacities of the Doe Defendants will be substituted as they become known. The Doe defendants are sued both in their individual and their official capacities.

## Jurisdiction and Venue

(11) This Court has original jurisdiction to hear this matter pursuant to 28 U.S.C. Section 1331 and 1343 *inter alia*. Any and all state law claims contained herein are part of the same case or controversy giving rise to the federal law claims and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

(12) Venue is proper in the United States District Court for the District of Hawai`i pursuant to 28 U.S.C. Section 1391 as all Defendants to the litigation reside in the state of Hawai`i, and all actions and/or omissions giving rise to the claim occurred and continue to occur in the state of Hawai`i.

## Factual Allegations

(13) Plaintiff is in the natural mother of B.D., born December 3, 2008, in Kauai County.

(14) Defendant Keahiolalo admitted paternity and is the natural father of B.D.

(15) Prior to B.D.'s birth, then seventeen year old Plaintiff attempted

to file rape charges against Defendant Keahiolalo with the Kauai County Office of Prosecuting Attorney alleging that Defendant Keahiolalo – who is twenty years older, was married with two children, and had been stalking Plaintiff – impregnated Plaintiff without her agreement or consent.

(16) The then Kauai County Prosecuting Attorney, Defendant Iseri, declined to file any charges against Defendant Keahiolalo.

(17) After the birth of B.D., Plaintiff and Defendant Keahiolalo engaged in prolonged and bitter litigation in the Family Court of the Fifth Circuit, State of Hawaii, amid allegations, inter alia, that Defendant Keahiolalo sexually abused B.D. by touching her vagina.

(18) In order to avoid an evidentiary hearing on the custody and abuse allegations, Defendant Keahiolalo contacted Plaintiff's lawyer and agreed to stipulate to any and all of the Plaintiff's demands with regard to the custody of B.D.

(19) Accordingly, in a Stipulation filed in the Family Court of the Fifth Circuit, State of Hawaii, on February 14, 2012, Plaintiff and Defendant Keahiolalo agreed and the Court ordered that Plaintiff have full legal and physical custody of B.D., that Keahiolalo have no rights to visitation with B.D., that Defendant Keahiolalo stay away from and have no contacts whatsoever with

6

Plaintiff and B.D., and allowed Plaintiff to remove B.D. from the jurisdiction at Plaintiff's sole discretion.

(20) The aforementioned Stipulation entered on February 14, 2012, has never been amended, modified, or vacated, and remains in full force and effect.

(21) From February, 2012, up to and until late November, 2019, B.D. had no contact with Defendant Keahiolalo.

(22) On or about November 28, 2019, Plaintiff traveled with B.D. from Kona to Kauai to spend the Thanksgiving holiday with Plaintiff's mother and other relatives.

(23) The day after Thanksgiving B.D. participated in a modeling show at a local shopping center.

(24) During the show, Plaintiff felt a tap on her shoulder and turned around to find Defendant Keahiolalo there with his two minor daughters.

(25) Plaintiff was shocked, frightened, and angry to see Defendant Keahiolalo in close proximity, in direct and deliberate violation of the 2012 Stipulation, and ordered him to stay away and leave.

(26) Despite Plaintiff's angry reaction, Defendant Keahiolalo did not leave and continued to follow Plaintiff and B.D., encouraged his daughters to approach B.D., and videotaped the children's interactions.

(27) On the following day, Plaintiff took B.D. to Defendant Keahiolalo's work place and demanded that he apologize to B.D., which he refused to do.

(28) In her state of extreme anger, Plaintiff then proceeded to yell and swear at Defendant Keahiolalo, taunt and push him – all on videotape – until the police arrived and arrested Plaintiff on misdemeanor charges of harassment and third degree assault.

(29) After Plaintiff had posted bail, she and B.D. returned home to Kona where B.D. resumed attendance at the Waikaloa Elementary and Middle School where she has been enrolled for the past few years.

(30) Plaintiff is informed and believes, and thereupon alleges, that on December 20, 2019, Defendant Leskovic and two as yet unidentified police officers appeared at B.D.'s school, met with Defendant Kosa-Correia, and demanded that B.D. accompany them to be placed in the custody of Defendant Keahiolalo who was waiting nearby.

(31) Plaintiff is informed and believes, and thereupon alleges, that no court orders or other documents were delivered or shown to Defendant Kosa-Correia authorizing or requiring that B.D. be produced to and taken into the custody of Defendant Leskovic and/or the police officers.

(32)   Plaintiff is informed and believes, and thereupon alleges, that teachers and other persons who sought to inquire or intervene in B.D.'s behalf were instructed not to become involved.

(33)   After B.D. was taken and placed into the custody of Defendant Keahiolalo the police then appeared at Plaintiff's residence in Kona, informed Plaintiff of the seizure of her daughter, and purported to serve Plaintiff with a temporary restraining order from the Family Court of the Fifth Circuit requiring Plaintiff to appear at a hearing on December 31, 2019.

(34)   Following the seizure of B.D. on December 20, 2019, Plaintiff and her attorney made multiple efforts to contact the child welfare offices, the police, and the Kauai Court to obtain information and clarification without success.

(35)   Since B.D. was seized on December 20, 2019, Plaintiff has not been permitted to see or speak to B.D. up to and until the present time.

(36)   On December 31, 2019, Plaintiff appeared in the Family Court of the Fifth Circuit and consented to the entry of a restraining order as to contacts with Defendant Keahiolalo, his wife, and their two minor children.

(37)   Through counsel, Plaintiff moved to dismiss and vacate any claims brought by Defendant Keahiolalo in behalf of B.D. because Defendant Keahiolalo has no legal rights with respect to B.D.

(38)   Through his counsel, Defendant Iseri, Defendant Keahiolalo

strenuously opposed the oral motion to dismiss and argued that "there is or must be a CWS order" legally seizing B.D. even though no order could be or ever was produced in Court.

(39) Over objection, the Kauai Family Court Judge then granted the motion to dismiss due to Defendant Keahiolalo's "lack of authority . . . to file of behalf of [B.D].

(40) The Family Court Judge declined to issue any additional orders and directed counsel, as officers of the Court, to discuss and work out the custody matters.

(41) Upon leaving Court on December 31, 2019, Defendant Iseri refused to talk to Plaintiff's counsel, refused requests by Plaintiff and Plaintiff's mother to see or talk to B.D., and refused to produce any orders or other authority that would allow Defendant Keahiolalo to maintain physical custody of B.D. despite the 2012 Stipulation that remains in full legal effect.

(42) Immediately following the hearing on December 31, 2019, Plaintiff's counsel made repeated efforts to contact child welfare representatives on Kauai or in Kona to request clarification and have B.D. either returned to her mother or placed in foster custody somewhere other than with an allegedly abusive father.

(43) Initially Plaintiff's attorney was informed by a child welfare

supervisor in Kona that there was no order entitling CWS to seize B.D., that there was no pending investigation, and that CWS had no further interest in the matter.

(44) Approximately one hour later, Plaintiff's attorney was advised by a representative of the Kauai Police Department that CWS had changed its position and would be "filing something" in the Family Court in Kona "within a few days."

(45) Accordingly, the Kauai Police Department has refused to assist Plaintiff in any manner by taking custody of B.D. and/or removing B.D. from an allegedly abusive parent whose legal rights to custody were terminated.

(46) As of this date Plaintiff is informed and believes, and thereupon alleges, that no petition or other court application has been filed regarding her daughter and that B.D. has been taken from her without any hearing or other due process of any kind.

(47) Plaintiff has not seen or been allowed to speak with her daughter for two weeks and counting.

(48) B.D. was seized by the Defendants and delivered to her natural father with whom she has no familiarity and has had no relationship since Defendant Keahiololo was alleged to have sexually abused her as a young child and gave up all of his custodial rights in 2012.

11

(49)   As a direct and proximate result of the foregoing B.D. has been kidnapped and held by the Defendants without legal cause or justification, and B.D.'s close relationship with her mother and Plaintiff's custodial and familial rights have been violated and damaged in amounts to be proven at trial.

(50)   As a direct and proximate result of the foregoing both Plaintiff and B.D. have suffered and will continue to suffer from extreme anxiety, fear, and emotional distress in amounts to be proven at trial.

(51)   Plaintiff is informed and believes that the Defendants acted herein knowingly, deliberately, intentionally, and maliciously.

(52)   Plaintiff has no clear, immediate, and practicable remedies other than to seek relief in this Court.

## First Cause of Action

(53)   Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1-52, above.

(54)   The Defendants' actions as set forth above have violated and will continue to violate Plaintiff's rights to due process of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, Article I of the Constitution of the State of Hawaii, and 42 U.S.C. Section 1983, inter alia.

(55)   As a direct and proximate result of the Defendants' aforesaid

actions Plaintiff and B.D. already have suffered and will continue to suffer irreparable harm in amounts to be proven at trial.

## Second Cause of Action

(56) Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1-52, above.

(57) Plaintiff is informed and believes, and thereupon alleges, that the Defendants in their individual capacities engaged herein in a pattern of racketeering activity that was intended and carried out to cause injuries to Plaintiff and B.D. by impermissibly seizing and kidnapping B.D., making untruthful reports or statements about Plaintiff, and refusing to allow any visitation or communication between Plaintiff and B.D. in deliberate disregard of an outstanding and valid state court order thereby violating 18 U.S.C. Section 1962(c), inter alia.

Wherefore Plaintiff prays for relief as follows:

(1) The entry of a judgment declaring that the seizure of B.D. without any due process was unlawful and that Plaintiff is the sole person entitled to custody and possession of her daughter;

(2) The entry of a temporary, preliminary, and permanent injunction restraining the Defendants, their agents, employees, and successors in

interest from continuing to seize and restrain B.D. and failing to return her forthwith to Plaintiff;

   (3) General and special damages in amounts to be proven at trial;

   (4) Punitive and/or exemplary damages from the individually named Defendants;

   (5) Reimbursement of Plaintiff's costs and expenses herein, including reasonable provision for her attorneys' fees;  and

   (6) For such further and additional relief as the Court deems appropriate and just.

   DATED: Honolulu, Hawaii, January 2, 2020.

         /s/ Eric A. Seitz
         ERIC A. SEITZ
         GINA SZETO-WONG
         JONATHAN M.F. LOO
         KEVIN A. YOLKEN

         Attorneys for Plaintiff