IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAH DAVID, individually and on behalf of her minor daughter, B.D., <br><br> Plaintiff, <br><br> vs. <br><br> PANKAJ BHANOT, DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAII; et al, <br><br> Defendants. | Civ. No. 20-00002 JMS-WRP <br><br> ORDER GRANTING DEFENDANT TODD RAYBUCK'S MOTION TO DISMISS, ECF NO. 46 |

**ORDER GRANTING DEFENDANT TODD RAYBUCK'S MOTION TO DISMISS, ECF NO. 46**

**I. INTRODUCTION**

Defendant Todd Raybuck ("Raybuck") moves to dismiss Plaintiff Hannah David's ("Plaintiff") Verified Complaint. ECF No. 46. Raybuck is Chief of the Kauai County Police Department, and is sued in his official capacity only. *See* Compl. ¶ 9, ECF No. 1 at PageID #4. The Motion to Dismiss is limited to addressing claims against Raybuck; claims against the co-Defendants Pankaj Bhanot, Amy Leskovic, William Keahiolalo, Shaylene Iseri, and Kris Kosa-

1

Correia are not at issue. Based on the following, the Motion to Dismiss is GRANTED with leave to amend as to Count One.[1]

## II. DISCUSSION

**A.     Background**

Plaintiff's Complaint contains two counts, each against all Defendants. Count One alleges a violation of 42 U.S.C. § 1983 for a deprivation of due process guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, and of Article I of the Hawaii State Constitution. And Count Two alleges a violation of "18 U.S.C. § 1962(c), *inter alia*"—the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 1 at PageID #12, 13.

The Complaint barely mentions Raybuck or the Kauai Police Department at all. It identifies Raybuck as follows:

> Plaintiff is informed and believes, and thereupon alleges, that Defendant TODD RAYBUCK . . . is and has been a citizen and resident of the County of Kauai, State of Hawaii, at all times pertinent hereto, and is employed as the Chief of the Kauai County Police Department. Defendant Raybuck is sued herein only in his official capacity.

---

[1] The court decides the motion under Local Rule 7.1(c) without a hearing.

Compl. ¶ 9, ECF No. 1 at PageID #4.  Later, after several pages describing in detail a situation where Defendant Keahiolalo was allegedly given wrongful custody of minor B.D., ECF No. 1 at PageID #5-11, the Complaint alleges:

> (43)  Initially[,] Plaintiff's attorney was informed by a child welfare supervisor in Kona that there was no order entitling [Child Welfare Services ("CWS")] to seize B.D., that there was no pending investigation, and that CWS had no further interest in the matter.
>
> (44)  Approximately one hour later, Plaintiff's attorney was advised by a representative of the Kauai Police Department that CWS had changed its position and would be "filing something" in the Family Court in Kona "within a few days."
>
> (45)  Accordingly, the Kauai Police Department has refused to assist Plaintiff in any manner by taking custody of B.D. and/or removing B.D. from an allegedly abusive parent whose legal rights to custody were terminated.

Compl. ¶¶ 43-45, ECF No. 1 at PageID #10-11.  That's it.  Nothing else against Raybuck or the Kauai Police Department.

**B.     The Section 1983 Claim is Dismissed with Leave to Amend**

A § 1983 claim against government officials in their official capacities is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted).  And "[a] municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally

protected rights." *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).  Thus, Plaintiff's § 1983 claim against Raybuck can only stand if her Complaint alleges a "policy or custom" of the County of Kauai that led to a violation of federal law.  And "[t]o state such a [*Monell*] claim, a plaintiff must allege either that (1) 'a particular municipal action *itself* violates federal law, or directs an employee to do so'; or (2) the municipality, through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights."  *Id.* (quoting *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404, 407-08 (1997) (other citation omitted)).  Moreover, if "a plaintiff pursues liability based on a failure to act, she must allege that the municipality exhibited deliberate indifference to the violation of her federally protected rights."  *Id.* (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)).

      Here, Plaintiff's Complaint alleges nothing about an official "policy or custom" of the County of Kauai, or its police department, that caused a deprivation of federal law.  It fails to allege *Monell* liability at all.  And, although in some situations, certain actions of a police chief as a "final policymaking authority" could give rise to municipal liability, *see, e.g.*, *Ulrich v. City & Cty. of S.F.*, 308 F.3d 968, 985 (9th Cir. 2002), Plaintiff's Complaint alleges nothing about

any particular actions of Raybuck that could fit within that aspect of *Monell* liability.  At most, Plaintiff alleges that the Kauai Police Department "refused to assist Plaintiff in any manner by taking custody of B.D.," ECF No. 1 at PageID #11, but that allegation fails for lack of constitutional injury.  *See, e.g.*, *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989) (concluding that a government's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause").

In opposition, Plaintiff offers a declaration of counsel that expands on the allegations of the Complaint, giving more detail as to actions of the Kauai Police Department during an altercation at a Kauai shopping center and, later, in failing to assist Plaintiff regarding custody of B.D.  *See* Eric Seitz Decl. (May 18, 2020), ECF No. 86-1 at PageID #547-51.  But it is elementary that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citations omitted).  That is, "this Court may not consider new allegations contained in a memorandum in opposition to a

5

defendant's motion to dismiss." *Ilae v. Tenn*, 2013 WL 4499386, at *15 n.20 (D. Haw. Aug. 20, 2013) (citing *Schneider*).[2]

Further, if Count One is attempting to assert a cause of action under § 1983 for a violation of the Hawaii State Constitution, it plainly fails. *See, e.g.*, *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998) ("[S]tate law violations do not, on their own, give rise to liability under § 1983.") (citation omitted); *Kaahu v. Randall*, 2018 WL 472996, at *7 (D. Haw. Jan. 18, 2018) ("Section 1983 is a remedy for violations of federal rights. Violations of state law, including a state constitution, are not cognizable pursuant to Section 1983.") (citation omitted). And, even assuming without deciding that a direct private right of action exists to enforce the Hawaii Constitution,[3] the claim would fail under state law because "the failure of the police to provide protection is ordinarily not actionable." *Ruf v. Honolulu Police Dep't*, 89 Haw. 315, 322, 972

---

[2] *Monell* liability is a basic concept in civil rights litigation, as is the principle that a motion to dismiss is directed at the allegations of a *complaint*—not at arguments made in a memorandum in opposition. These are concepts that a veteran civil rights litigator surely knows. Thus, Plaintiff's argument that "the pending motion to dismiss is brought in bad faith, contains gross misrepresentations, and should be denied with sanctions," ECF No. 86 at PageID #543, is patently frivolous.

[3] "It is unclear whether Hawaii recognizes a private cause of action for damages for violation of rights guaranteed under the Hawaii State Constitution." *Pitts v. Tuitama*, 2017 WL 3880653, at *8 n.12 (D. Haw. Sept. 5, 2017) (citing cases).

P.2d 1081, 1088 (1999) (quoting *Freitas v. City & Cty. of Honolulu*, 58 Haw. 587, 590, 574 P.2d 529, 532 (1978)) (other citation omitted).

Accordingly, Count One is DISMISSED against Raybuck in his official capacity. The dismissal, however, is without prejudice. Plaintiff is granted leave to amend, if she can, to attempt to state a *Monell* claim for a violation of federal law.[4]

## C. The RICO Claim Against Raybuck, in this Official Capacity, is Dismissed with Prejudice

Finally, Count Two—asserting a cause of action against Raybuck (in his official capacity) and others under the civil RICO statute—is DISMISSED with prejudice as to Raybuck. "'[G]overnment entities are incapable of forming the malicious intent' necessary to support a RICO claim." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991)) (brackets omitted). *See also Ruggles v. Ige*, 2017 WL 427498, at *5 (D. Haw. Jan. 31, 2017) (dismissing RICO claim with prejudice "because the State is not capable of forming the intent necessary to support a RICO claim").

---

[4] To be clear, the court has *not* determined whether the additional allegations asserted in the Opposition, or by counsel in his May 21, 2020 affidavit, would be sufficient to state a claim against Raybuck in his official capacity.

## III. **CONCLUSION**

For the foregoing reasons, Defendant Todd Raybuck's (in his official capacity) Motion to Dismiss, ECF No. 46, is GRANTED.  Count One is DISMISSED without prejudice as to Raybuck in his official capacity.  Count Two is DISMISSED with prejudice as to Raybuck in his official capacity.  Plaintiff is granted until **July 28, 2020** to file an Amended Complaint against Raybuck that sufficiently alleges *Monell* liability as set forth in this order.[5]  If an Amended

///

///

///

///

///

///

///

---

[5] If Plaintiff seeks to add Raybuck as a defendant in his *individual* capacity—for either Count One or Two—she must seek leave of court under Federal Rule of Civil Procedure 15. And particularly when evaluating whether she can plausibly allege a RICO claim against Raybuck individually, she might *also* seriously consider as to *all* Defendants "whether this is the type of case RICO was intended to address." *Wieck v. CIT Grp., Inc.*, 308 F. Supp. 3d 1093, 1128 (D. Haw. Mar. 30, 2018).  "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005).  Indeed, if Plaintiff chooses to file an Amended Complaint against Raybuck to allege *Monell* liability in accordance with this order, she is also free to omit a RICO claim against any Defendant.  To be clear, however, the court has not evaluated whether the existing Complaint states a valid RICO claim against any other Defendant.

Complaint is not filed by July 28, 2020, the action will continue against the other Defendants only (i.e., without Raybuck).

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, July 7, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*David v. Bhanot et al.*, Civ. No. 20-0002 JMS-WRP, Order Granting Defendant Todd Raybuck's Motion to Dismiss, ECF No. 46

9