IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAH DAVID, Individually and on behalf of her minor daughter B.D.,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHY BETTS, DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAII; ET AL.,<br><br>Defendants.<br>_____<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIM. | Civ. No. 20-00002 JMS-WRP<br><br>ORDER (1) DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANT GINA KAULUKUKUI'S APPEAL AS FRIVOLOUS, ECF NO. 187; AND (2) DENYING SUBSTANTIVE JOINDER, ECF NO. 198 |

**ORDER (1) DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANT GINA KAULUKUKUI'S APPEAL AS FRIVOLOUS, ECF NO. 187; AND (2) DENYING SUBSTANTIVE JOINDER, ECF NO. 198**

**I.  INTRODUCTION**

On March 31, 2021, this court issued an Order that, among other matters, denied a motion by co-Defendant Gina Kaulukukui ("Kaulukukui") seeking to dismiss federal claims against her in the First Amended Complaint ("FAC") based on her assertion of qualified immunity.  *See* ECF No. 176; *David v. Betts*, 2021 WL 1234499 (D. Haw. Mar. 31, 2021) ("March 31, 2021 Order").  In

part, the March 31, 2021 Order concluded that—accepting the FAC's factual

allegations as true—the FAC "plausibly alleges that Kaulukukui was responsible,

at least in part, for a violation of Plaintiffs' constitutional right of familial

association that was clearly established long before 2019." 2021 WL 1234499, at

*5.[1] Kaulukukui filed an interlocutory appeal of that denial of qualified immunity,

ECF No. 179, which is now pending in the Ninth Circuit Court of Appeals, ECF

No. 182.

"[A] proper appeal from a denial of qualified immunity automatically

divests the district court of jurisdiction to require the appealing defendant[] to

appear for trial, [but] a frivolous or forfeited appeal does not[.]" *Chuman v.*

*Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citing *Apostol v. Gallion*, 870 F.2d

1335, 1339 (7th Cir. 1989)). Accordingly, the Ninth Circuit has "authorized the

district court to go forward in appropriate cases by certifying [in writing] that an

appeal is frivolous or waived." *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 791 (9th

Cir. 2018) (citations omitted). And so, on April 30, 2021, Plaintiffs—seeking to

---

[1] The March 31, 2021 Order stated that Kaulukukui is a "Kauai County police officer," *David*, 2021 WL 1234499, at *1, as the FAC alleges that Kaulukukui is "employed by the Kauai County Police Department," ECF No. 119 at PageID # 931, and that "on December 2, 2019, Defendant Keahiolalo met with Defendant Kaulukukui from the Kauai County Police Department," *id.* at PageID # 934. In Opposition to the present Motion, Kaulukukui's counsel affirmatively attests that Kaulukukui "is a civilian employed by the Kauai Police Department as its Domestic Violence Program Coordinator." ECF No. 195-1 at PageID # 1620. With that clarification, it nevertheless appears to be undisputed that Kaulukukui is a government official who acted under color of law for purposes of 42 U.S.C. § 1983.

proceed against Kaulukukui during (or despite) the appeal—filed a "Motion for Certification of Defendant Gina Kaulukukui's Appeal as Frivolous, and for an Order that the District Court will Maintain Pendent Jurisdiction of the Instant Action," ECF No. 187 (the "Motion for Certification as Frivolous"), and co-Defendant William Keahiolalo ("Keahiolalo") filed a substantive joinder, ECF No. 198.

Based on the following, the Motion for Certification as Frivolous and the substantive joinder are both DENIED. Although the court is confident in its ruling that Kaulukukui is not entitled to qualified immunity when assuming the FAC's factual allegations are true (*see David*, 2021 WL 1234499, at \*5), the court cannot say that an appeal would be "frivolous." Thus, under *Chuman*, the court presently lacks authority to require Kaulukukui to appear for trial, at least as to the federal claims. And because the state law claims against Kaulukukui are intertwined with the federal claims, the entire action is STAYED as to Kaulukukui pending her appeal. Further proceedings are necessary to decide whether the court should expand the scope of that stay as to all other claims and Defendants.

///

///

///

## II. DISCUSSION

### A.     Relevant Background

The court relies on the March 31, 2021 Order for the relevant factual

background, which is not repeated here.  To summarize, the court concluded that,

for purposes of a qualified immunity analysis, it was clearly established well

before 2019 that "the Constitution protects family relationships and a parent's right

to the care, custody, control, and management of their children."  *David*, 2021 WL

1234499, at *5 (quoting *Wooley v. City of Baton Rouge*, 211 F.3d 913, 920-21 (5th

Cir. 2000)).  That is, it was

> clearly establishe[d] [before 2019] that the rights of
> parents and children to familial association under the
> Fourteenth, First, and Fourth Amendments are violated if
> a [government] official removes children from their
> parents without their consent, and without a court order,
> unless information at the time of the seizure, after
> reasonable investigation, establishes reasonable cause to
> believe that the child is in imminent danger of serious
> bodily injury, and the scope, degree, and duration of the
> intrusion are reasonably necessary to avert the specific
> injury at issue.

*Id.* (quoting *Keates v. Koile*, 883 F.3d 1228, 1237-38 (9th Cir. 2018)).

The court next determined that the FAC alleges enough "to infer that

Kaulukukui knew about the February 14, 2012 Stipulation and Order—and thus

knew that Keahiolalo 'shall have no visitation, supervised or otherwise, with

4

[B.D],' when she prepared the Family Court petition on December 2, 2019." *Id.* at

*6 (quoting the February 14, 2012 Stipulation and Order, ECF No. 134-3 at

PageID # 1022).  Thus "she could have known that Keahiolalo had no authority to

file a [Temporary Restraining Order] on behalf of B.D., as a Hawaii Family Court

judge later determined (as also alleged in the FAC)." *Id.* (citing the FAC, ECF No.

119 at PageID # 940)).  In short, "the FAC plausibly alleges that Kaulukukui

knowingly assisted in the wrongful removal of B.D. from David's custody in

violation of Plaintiffs' rights to familial association." *Id.*  Given those findings,

Kaulukukui did not meet the two-part test for entitlement to qualified immunity.

*Id.* at **6-7.[2]

## B.    Applicable Standards

"[A] district court's denial of a claim of qualified immunity, to the

extent that it turns on an issue of law, is an appealable 'final decision' within the

meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."

*Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  "This is so because qualified

immunity—which shields Government officials from liability for civil damages

insofar as their conduct does not violate clearly established statutory or

---

[2] The court, however, concluded that Kaulukukui *is* entitled to qualified immunity as to an Amended Crossclaim brought by co-Defendant Keahiolalo asserting violations of Keahiolalo's constitutional rights.  *See David*, 2021 WL 1234499, at *10.

constitutional rights—is both a defense to liability and a limited entitlement not to

stand trial or face the other burdens of litigation." *Ashcroft v. Iqbal*, 556 U.S. 672,

672 (2009) (citations and internal quotation marks omitted).

"The filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case involved in the appeal." *Griggs*

*v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  And such is the case

with an appeal of a denial of qualified immunity, at least "to the extent that it turns

on an issue of law." *Mitchell*, 472 U.S. at 530; *see also, e.g., Padgett v. Wright*,

587 F.3d 983, 985 (9th Cir. 2009) ("[A] pretrial appeal of an order denying

qualified immunity normally divests the district court of jurisdiction to proceed

with trial[.]") (citing *Chuman*, 960 F.2d at 105).[3]

---

[3] Although these cases refer to a divestiture of a district court's "jurisdiction," this
"'divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or
criminal procedures.'" *Rodriguez*, 891 F.3d at 790 (quoting *United States v. Claiborne*, 727 F.2d
842 850 (9th Cir. 1984)).  "'Instead, it is a judge made rule originally devised in the context of
civil appeals to avoid confusion or waste of time resulting from having the same issues before
two courts at the same time.'"  *Id.* (quoting *Claiborne*, 727 F.2d at 850).  And because "the
Supreme Court has since made clear that 'only Congress may determine a lower federal court's
subject-matter jurisdiction,'" *id.* (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138
S. Ct. 13, 17 (2017), a district court does not necessarily lose all power to act against an
appealing defendant.  Rather, this "divestiture rule" is "more accurately characterized as [a]
'mandatory claim-processing rule[]' that may be applied in a 'less stern' manner than true
jurisdictional rules." *Id.* (quoting *Hamer*, 138 S. Ct. at 17).

Courts, however, "have created an exception to the 'divestiture rule.'"

*Rodriguez*, 891 F.3d at 790.  "Recognizing the importance of avoiding uncertainty

and waste, but concerned that the appeals process might be abused to run up an

adversary's costs or to delay trial, [the Ninth Circuit has] authorized the district

court to go forward in appropriate cases by certifying that an appeal is frivolous or

waived."  *Id.* at 790-91 (citing *Chuman*, 960 F.2d at 105) (other citations omitted).

"'In the absence of such certification,' however, 'the district court is automatically

divested' of its authority 'to proceed with trial pending appeal.'"  *Id.* (quoting

*Chuman*, 960 F.2d at 105).

### C.      Application of Standards

Plaintiffs' Motion for Certification as Frivolous invokes *Chuman*, and

argues that Kaulukukui's appeal of the March 31, 2021 Order is "frivolous" and

brought in bad faith.  ECF No. 187-1 at PageID ## 1559-60.  After careful

consideration, the court disagrees.

"An appeal is frivolous if it is 'wholly without merit.'"  *United States*

*v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (citation

omitted).  "[A] frivolous qualified immunity claim is one that is unfounded, 'so

baseless that it does not invoke appellate jurisdiction.'"  *Marks v. Clarke*, 102 F.3d

1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.2d at 1339).  For example,

an appeal would be frivolous where "the disposition is so plainly correct that

nothing can be said on the other side." *Dagdagan v. City of Vallejo*, 682 F. Supp.

2d 1100, 1116 (E.D. Cal. 2010) (citations omitted), *aff'd sub nom.*, *Dagdagan v.

Wentz*, 428 F. App'x 683 (9th Cir. 2011).[4]

Here, the court is confident in its March 31, 2021 decision that the

FAC contains enough factual allegations against Kaulukukui that, if true, would

constitute a violation of a clearly-established constitutional right of familial

association.  The FAC alleges that B.D. was removed from her mother's (David's)

custody and placed with her natural father (Keahiolalo) despite the February 14,

---

[4] An interlocutory appeal from a denial of qualified immunity could also be "frivolous" if it does not "turn[] on an issue of law." *Mitchell*, 472 U.S. at 530.  In this regard, it is important that Kaulukukui is appealing from a denial of a motion to dismiss, where the court assumes the well-pled factual allegations are true (in contrast to a denial at a summary-judgment stage, which could be based only on a dispute of material fact).  *See Iqbal*, 556 U.S. at 673-75 (explaining that an appellate court has jurisdiction over a denial of qualified immunity decided at a motion-to-dismiss stage because "[e]valuating the sufficiency of a complaint is not a 'fact-based' question of law[.]").  At a summary-judgment stage, however, an appellate court would not have jurisdiction to consider an interlocutory appeal of a denial of qualified immunity to the extent that denial was based on a genuine dispute of material fact.  *See, e.g.*, *Est. of Anderson v. Marsh*, 985 F.3d 726, 733 (9th Cir. 2021) (concluding that an appellate court lacks jurisdiction over an interlocutory appeal of a denial of qualified immunity that "challenges only the district court's determination that there is a genuine factual dispute as to whether [the constitution was violated]").  District courts have found such qualified-immunity appeals to be frivolous.  *See, e.g.*, *Murrietta-Golding through Lopez v. City of Fresno*, 2021 WL 22447, at *3 (E.D. Cal. Jan. 4, 2021) ("[B]ecause qualified immunity was denied because more than one reasonable inference was possible from the videotape, and the Plaintiffs' version of events shows a violation of clearly established Fourth Amendment law, the Court concludes that Villalvazo's appeal is 'frivolous' for purposes of *Chuman*.").  But because Kaulukukui appealed at a motion-to-dismiss stage, these concerns do not apply and the Ninth Circuit has jurisdiction even if the facts as alleged later prove to be wrong.

2012 Stipulation and Order that, allegedly, "'did not directly or indirectly, authorize Keahiolalo to obtain or receive custody of B.D.'"  *David*, 2021 WL 1234499, at *1 (quoting the FAC, ECF No. 119 at PageID # 935).  The court concluded that the FAC alleged enough to plausibly infer that Kaulukukui could have known about the February 14, 2012 Stipulation and Order when she prepared the December 2020 petition for filing with the Hawaii Family Court that would authorize the removal of B.D. (or knew soon after the removal occurred).  *Id.* at *3.  That is, the FAC alleged enough to plausibly infer that Kaulukukui could have known that the placement of B.D. with Keahiolalo was wrongful and in violation of the February 14, 2012 Stipulation and Order, and that Kaulukukui acted in concert with other Defendants to mislead the Hawaii Family Court.  *Id.*

Nevertheless, the court recognizes that it had to make certain inferences about Kaulukukui's actions from all the factual allegations against other Defendants, and that its qualified-immunity decision must be based only on the facts as pleaded in the FAC.  The standard for certifying an appeal as "frivolous" requires the court to find that an appeal is "so baseless that it does not invoke appellate jurisdiction," *Marks*, 102 F.3d at 1017 n.8, such as where "nothing can be said on the other side," *Dagdagan*, 682 F. Supp. 2d at 1116.  Even if the court believes it was correct (indeed, even if the Ninth Circuit ultimately affirms the

court's decision), the court cannot say that an appeal would be completely baseless

such that "*nothing* can be said on the other side." *Id.* (emphasis added). *See, e.g.,*

*Suzuki v. Cnty. of Contra Costa*, 2019 WL 4674418, at \*2 (N.D. Cal. Sept. 25,

2019) ("[A] district court's belief that parties are unlikely to prevail on appeal is

insufficient alone to warrant certification of the appeal as frivolous.") (citation

omitted); *O'Connell v. Smith*, 2014 WL 12819563, at \*2 (C.D. Cal. Jan. 7, 2014)

(declining to certify a qualified-immunity appeal as frivolous even though the facts

and law "almost necessarily indicate that an appeal of such a finding lacks

support"); *Castro v. Melchor*, 760 F. Supp. 2d 970, 1002 (D. Haw. 2010) ("The

Court stands by its ruling in the Summary Judgment Order that Defendant Bauman

is not entitled to qualified immunity . . . . This Court, however, cannot find that

Defendant Bauman's claim of qualified immunity is frivolous."); *J.P. by and*

*through Villanueva v. Cnty. of Alameda*, 2018 WL 3845890, at \*2 (N.D. Cal. Aug.

13, 2018) (similar).[5]

---

[5] Plaintiffs also argue that the court should certify the appeal as frivolous because Kaulukukui brought it in bad faith and solely for the purposes of delay. ECF No. 187-1 at PageID ## 1559-60. In support, one of Plaintiffs' attorneys levels disturbing detailed allegations of a "profanity-laden rant against Plaintiff[s'] lead attorney" made by Kaulukukui's counsel during a teleconference. ECF No. 187-2 at PageID # 1565. In response, Kaulukukui's counsel acknowledges he told that attorney that Plaintiff's lead-counsel's prior actions in this case had "burned up a lot of good will and trust" and thus he "was not inclined to agree to extend deadlines which had already passed." ECF No. 195-1 at PageID # 1623. Kaulukukui's counsel, however, categorically denies the "profanity-laden rant." *See id.* at PageID ## 1624-26. It appears obvious from counsels' dueling declarations that the emotional circumstances of the
(continued . . .)

In short, Kaulukukui's interlocutory appeal of the denial of qualified

immunity is not frivolous (even if the court believes it is without merit). The

Motion to Certify Appeal as Frivolous and substantive joinder are DENIED.

**D.      Proceedings Are Stayed Against Kaulukukui**

Although *Chuman* refers to a district court being "automatically

divested of jurisdiction to proceed with *trial* pending appeal," 960 F.2d at 105

(emphasis added), it is more precise to say that a non-frivolous notice of appeal

"confers jurisdiction on the court of appeals and divests the district court of its

control over *those aspects of the case involved in the appeal*." *Griggs*, 459 U.S at

58 (emphases added). The court views *Griggs* as precluding any further pre-trial

proceedings against Kaulukukui that involve qualified immunity—which

necessarily include discovery and other burdens of litigation regarding whether she

could have violated Plaintiffs' constitutional rights—because "those aspects of the

---

(. . . continued)
litigation between the parties have carried over into the interaction between their attorneys. This back and forth only wastes the court's (and the parties') time. In this regard, "[t]he parties are advised to chill." *Mattel v. MCA Records, Inc.*, 296 F.3d 894, 908 (9th Cir. 2002).

    In any event, the court need not resolve any conflicts between counsel. The court is not convinced that the appeal was brought in bad faith or for purposes of improper delay. Indeed, the Supreme Court in *Behrens v. Pelletier*, 516 U.S. 299 (1996), acknowledges that interlocutory appeals of denials of qualified immunity inherently cause delay and "afford[] an opportunity for abuse." *Id.* at 310. But *Behrens* reiterates that the very purpose of *Chuman* and similar cases is to "weed out frivolous claims" and "thereby minimize[] disruption of the ongoing proceedings." *Id.* at 310-11. And for the reasons stated, Kaulukukui's interlocutory appeal survives this screening—it is not "frivolous."

case [are] involved in the appeal." *Id.*; *see also Andrade Rico v. Beard*, 2019 WL 4127206, at \*3 (E.D. Cal. Aug. 30, 2019) ("Other courts have similarly held that the interlocutory appeal on the issue of immunity requires the district court to stay pretrial proceedings on claims subject to that immunity.") (citation omitted).  As the Supreme Court reiterated in *Behrens*, "the [qualified immunity] defense is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery . . . , as inquiries of this kind can be peculiarly disruptive of effective government." 516 U.S. at 308 (quoting *Mitchell*, 472 U.S. at 526) (internal quotation marks and brackets omitted).

The court, therefore, STAYS any proceedings against Kaulukukui that involve federal law, pending resolution of her Ninth Circuit interlocutory appeal of the March 31, 2021 Order.  Moreover, although federal qualified immunity does not shield a defendant from state law claims, *see Cousins v. Lockyer*, 568 F.3d 1063, 1072 (9th Cir. 2009), the court also imposes the stay as to the FAC's state law negligence/negligent infliction of emotional distress claim against Kaulukukui. As the March 31, 2021 Order analyzed, Plaintiffs' negligence claim is based on the same factual allegations that comprise the federal claims.  It is based on allegations that Kaulukukui negligently increased a risk of harm to B.D. and breached a "duty

to avoid any affirmative acts which worsen the situation of [Plaintiffs]." *David*, 2021 WL 1234499, at *8 (citation omitted).  And just as it denied Kaulukukui qualified immunity on the federal claims, the court denied a state-law qualified privilege (at the motion-to-dismiss stage) as to the negligence-based claim. *Id.* In short, allowing Plaintiffs to proceed with their state-law claim would necessarily encroach upon the (now-stayed) federal claims—it would improperly interfere with "those aspects of the case involved in the appeal." *Griggs*, 459 U.S at 58.  The stay applies to all claims against Kaulukukui.

## E.    A Stay Against Other Defendants

Given the stay as to claims against Kaulukukui, the question remains whether the court should stay all proceedings as to the claims against the other Defendants (including cross-claims and counterclaims).  In this regard, Kaulukukui has already filed a separate Motion to Stay Action Pending Interlocutory Appeal, ECF No. 196.  The court previously notified the parties that, should the court deny Plaintiffs' Motion for Certification as Frivolous, it would allow the parties "to address whether the entire action should be stayed, or whether any aspects of the action could proceed while the action is stayed as to federal claims against Kaulukukui." ECF No. 201.  Accordingly, the court will set a briefing schedule by a separate notice, and will decide the Motion to Stay Action Pending Interlocutory

Appeal in a subsequent order, i.e., decide whether or not to extend the stay of proceedings against Kaulukukui to the rest of the action.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Certification of Defendant Gina Kaulukukui's Appeal as Frivolous, ECF No. 187, is DENIED. The corresponding substantive joinder, ECF No. 198, is also DENIED.

All proceedings against Kaulukukui are STAYED pending a decision from the Ninth Circuit as to her interlocutory appeal of the denial of qualified immunity.  Further proceedings are necessary to decide whether that stay extends to claims against other Defendants, including cross- and counter-claims.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 9, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*David v. Betts et al.*, Civ. No. 20-00002 JMS-WRP, Order (1) Denying Plaintiffs' Motion for Certification of Defendant Gina Kaulukukui's Appeal as Frivolous, ECF No. 187; and (2) Denying Substantive Joinder, ECF No. 198