IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HANNAH DAVID, | ) | CIVIL NO. 20-00002 JMS-WRP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO FILE |
| vs. | ) | SECOND AMENDED VERIFIED |
| | ) | COMPLAINT |
| CATHY BETTS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED VERIFIED COMPLAINT

Before the Court is Hannah David's (Plaintiff) Motion for Leave to

File Second Amended Complaint, filed on December 13, 2022 (Motion).[1]  See

ECF No. 234.  Defendants Cathy Betts, Aimee Leskovic, Iwalani Kaauwai-Herod,

Penny Cho, and Dino San Augustine, in their official capacities (collectively, the

Official Capacity Defendants) filed an opposition to the Motion.  See ECF No.

240.  Defendants Aimee Leskovic, Iwalani Kaauwai-Herod, Penny Cho, and Dino

---

[1] Plaintiff states that this Motion was filed "following discussions with counsel pursuant to Local Rule 7.8 which took place on December 6, 2022."  See ECF No. 234.  Defendant Gina Kaulukukui disputes that such a conference took place: "A pre-filing conference of counsel pursuant to LR 7.8 might have provided an opportunity for resolution of this issue, however, there was no LR 7.8 conference prior to the filing of Plaintiffs' motion."  See ECF No. 245.  Although failure to comply with Local Rule 7.8 could result in striking the Motion, see ECF No. 132, the Court nevertheless addresses and denies the Motion for the reasons detailed below.

San Augustine, in their individual capacities filed a joinder in the opposition.  See

ECF No. 244.  Defendants William Keahiolalo and Gina Kaulukukui filed a

Statement of No Opposition and a Statement of Position, respectively.  See ECF

No. 239, 245.  On January 17, 2023, Plaintiff filed a reply memorandum.  See ECF

No. 250.  The Court found this Motion suitable for disposition without a hearing

pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District

Court for the District of Hawaii.

After careful consideration of the record in this action and the relevant

legal authority, the Court DENIES the Motion.

BACKGROUND

In this action, Plaintiff alleges that Defendants conspired to kidnap

Plaintiff's eleven-year-old daughter, B.D., from her school and to deliver B.D. to

her father in violation of a family court order and also refused to allow Plaintiff to

see or communicate with B.D. after she was taken.  See ECF No. 119.  In the First

Amended Complaint (FAC) filed on September 22, 2020, Plaintiff names the

following Defendants:  Pankaj Bhanot, the Director of the Department of Human

Services (DHS), State of Hawaii;[2] Aimee Leskovic, a DHS employee; Shawn

Lathrop, a DHS employee; Iwalani Kaauwai-Herrod, a DHS employee; Penny

---

[2] Defendant Cathy Betts, Director of Department of Human Services, substituted
Pankah Bhanot on December 7, 2020.  See ECF No. 143.

Cho, a DHS employee; Dino St. Augustine, a DHS employee; Gina Kaulukukui, a

police officer with the County of Kauai Police Department; William Keahiolalo,

B.D.'s natural father; and Shaylene Iseri, former prosecuting attorney for the

County of Kauai.  See id.  Plaintiff asserts three counts in the FAC:  (1) a violation

of 42 U.S.C. § 1983 for a deprivation of due process guaranteed by the Fifth and

Fourteenth Amendments to the U.S. Constitution, and of Article I of the Hawaii

State Constitution; (2) a violation of "18 U.S.C. §1962(c), inter alia"-- under the

civil provisions of the Racketeer Influenced and Corrupt Organizations Act; and

(3) causing Plaintiff and B.D. to suffer emotional distress.  See id.

   Following various motions to dismiss and an interlocutory appeal, the

Court entered a scheduling order on August 4, 2022, stating that "All motions to

join additional parties or to amend the pleadings shall be filed by August 25,

2022."  See ECF No. 216.

   On December 13, 2022, Plaintiff filed the present Motion, which

seeks leave to file the proposed second amended verified complaint (SAC).  See

ECF No. 234.  Specifically, Plaintiff moves to add deputy attorney general Ian

Tsuda as a new Defendant and to add facts relating to Mr. Tsuda's alleged

involvement in the conduct at issue in this case.  See ECF No. 234.

DISCUSSION

Plaintiff argues that the Court should grant leave to file the SAC under the liberal standard of Federal Rules of Civil Procedure Rule 15(a)(2).  See ECF Nos. 234, 250.  However, "[a]fter the expiration of the deadline to amend the pleadings/add parties, FRCP 16, not FRCP 15, controls the amendment of pleadings."  Lesane v. Hawaiian Airlines, Inc., No. CV 19-00179 JAO-KJM, 2020 WL 215488, at *2 (D. Haw. Jan. 14, 2020) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (noting that the plaintiff's "ability to amend his complaint was governed by Rule 16(b), not Rule 15(a)")).  Rule 16(b)(4) authorizes the modification of a scheduling order "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

A court's evaluation of "good cause" under Rule 16(b) is "not coextensive with an inquiry into the propriety of the amendment under Rule 15."  Johnson, 975 F.2d at 609 (quotation marks and ellipses points omitted).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id.; see also Branch Banking & Tr. Co. v. D.M.S.I., LLC, 871 F.3d 751, 764 (9th Cir. 2017); Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).  "If that party was not diligent, the inquiry should end."

4

Johnson, 975 F.2d at 609; see also Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." (citation omitted)).

In this case, the Court issued an amended scheduling order on August 4, 2022, stating that "[a]ll motions to join additional parties or to amend the pleadings shall be filed by August 25, 2022." See ECF No. 216. Inasmuch as the deadline to add parties and amend the pleadings had expired prior to the filing of the present Motion, Rule 16(b) – not Rule 15(a) – controls whether Plaintiff may amend the pleadings. Johnson, 975 F.2d at 608-09. Therefore, the Court must evaluate whether Plaintiff has met the "good cause" standard of Rule 16(b)(4), which considers Plaintiff's diligence in seeking the amendment. Id. at 609; Fed. R. Civ. P. 16(b)(4).

In an attempt to explain the delayed request for leave to file the SAC, Plaintiff argues that the present Motion "was filed as soon as possible after the factual bases therefor became known to Plaintiff's counsel." See ECF No. 250. Specifically, Plaintiff's counsel declares that he discovered Mr. Tsuda's involvement in the decision to remove B.D. from Plaintiff's custody "for the first time" during the October 17, 2022 deposition of Defendant Shawn Lathrop. See ECF No. 234-1. He also declares that the October 19, 2022 deposition of Aimee

Leskovic confirmed Mr. Tsuda's involvement.  Id.  To that end, Plaintiff's counsel states that he "was not aware of [Mr. Tsuda's] participation or involvement in any of the relevant events prior to and leading up to the removal of B.D. until October, 2022, when the depositions of several of the defendants occurred."  See ECF No. 250-1.

The Court is not so persuaded, as the record reflects that Plaintiff was made aware of Mr. Tsuda's potential involvement in the underlying facts well before the August 25, 2022 deadline to add parties and amend the pleadings.  First, as early as January 6, 2020, Mr. Tsuda stated in a declaration submitted to the Court that he became aware of the matter involving B.D.'s removal on December 16, 2019 (prior to her seizure) and understood at that time that DHS was not going to take custody of B.D.  See ECF No. 12-1.  Second, on March 4, 2020, the Official Capacity Defendants identified Mr. Tsuda in their Initial Disclosures as an "individual[] with discoverable information."  See ECF No. 37.  Specifically, Mr. Tsuda was identified as having "knowledge of matters relating to the allegations in this lawsuit against Department of Human Services, Child Welfare Division and other matters relevant to liability and damages."  See id.  Third, Plaintiff herself identified Mr. Tsuda in her Initial Disclosures as a person who "was involved in and is aware of many of the events" relating to the seizure of B.D.  See ECF No. 43.  Therefore, the Court finds that Plaintiff was made aware of Mr. Tsuda's

potential involvement in the underlying facts involving B.D. well before the

August 25, 2022 deadline, and could have pursued discovery regarding Mr.

Tsuda's involvement in order to seek leave to add him as a Defendant prior to that

deadline.

Moreover, even assuming for the sake of argument that Plaintiff was

not aware of Mr. Tsuda's actions relating to B.D. until the October 17, 2022

deposition, Plaintiff waited nearly two months before bringing the present Motion

on December 13, 2022.  See ECF No. 234.  Plaintiff offers no explanation for he

nearly two-month delay but merely states in conclusory fashion that the pending

Motion "was filed as soon as possible after the factual bases therefor became

known to Plaintiff's counsel."  See ECF No. 250.  Absent any explanation about

the significant delay in bringing the present Motion after the October 2022

deposition, this Court is not convinced that Plaintiff acted diligently in bringing

this Motion at such a late date.

Plaintiff suggests that the delay in discovering Mr. Tsuda's

involvement and thus the filing of this Motion was due in part to the stay imposed

in this case during Defendant Gina Kaulukukui's interlocutory appeal to the Ninth

Circuit Court of Appeals.  See ECF No. 250 ("As this Court well knows, this

litigation originally was filed in January, 2020; however, the litigation – including

any discovery – was stayed for many months pending the outcome of an

interlocutory appeal in the Ninth Circuit.").  Although the case was stayed from June 10, 2021 to July 19, 2022, see ECF Nos. 204, 209, after the stay was lifted, the Court issued an amended scheduling order, extending the discovery deadline and the deadline to file motions for leave to join parties and amend pleadings.  See ECF No. 216.  Therefore, Plaintiff was afforded ample time after the stay was lifted to engage in discovery regarding Mr. Tsuda's involvement and to file a motion to add him as a Defendant.

        In light of the foregoing, the Court concludes that Plaintiff has was not diligent in seeking leave to amend the FAC and that, therefore, Plaintiff fails to demonstrate good cause as required by Rule 16(b)(4).  Johnson, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").  Indeed, Plaintiff was made aware of Mr. Tsuda's potential involvement at the outset of this case and was given ample time for discovery prior to the deadline to amend the pleadings, notwithstanding the stay during the interlocutory appeal.  Plaintiff's failure to act diligently cannot be short-circuited by an appeal under Rule 15(a)'s liberal standard.  Johnson, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." (citations

omitted)).  Based on Plaintiff's failure to meet the good cause standard in Rule 16(b)(4), the Court DENIES Plaintiff's Motion.  Zivkovic, 302 F.3d at 1087 ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." (quoting Johnson, 975 F.2d at 609)).

CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Verified Complaint is DENIED as detailed above.


IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 27, 2023.




_____
Wes Reber Porter
United States Magistrate Judge



**DAVID v. BETTS, ET AL.; CIVIL NO. 20-00002 JMS-WRP; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED VERIFIED COMPLAINT**

9